IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

CHRISTOPHER RUSH,

    Plaintiff,

v.                                                  Case No. 2:19-cv-00058

OFFICER PERRY, *et al.*,

    Defendants,

## MEMORANDUM OPINION AND ORDER

This matter is referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636.  For reasons appearing to the court, the referral of this matter to the Magistrate Judge is **WITHDRAWN**, the stay is **LIFTED**, and as further stated herein, this matter is **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### I.    Procedural History

Plaintiff filed an amended complaint in this matter on July 3, 2019. [ECF Nos. 12 and 13].  However, Plaintiff, who was in Federal Bureau of Prisons ("BOP") custody at FCI Petersburg Low when he filed this civil action, has not communicated with the court concerning this matter since he filed his amended complaint. Moreover, a search of the BOP website indicates that Plaintiff was released from BOP custody on or about October 19, 2021, but he failed to notify the court of a change in

his contact information, as required by Local Rule of Civil Procedure 83.5. In another matter filed by Plaintiff in this court, however, Magistrate Judge Tinsley determined that Plaintiff's last known address was: 1315 Myers Avenue, Dunbar, WV 25064.

Thus, on April 7, 2022, Magistrate Judge Tinsley entered an Order to Show Cause directing Plaintiff to respond in writing by May 6, 2022, to advise the court of his intent to further pursue this matter and to show cause why this civil action should not be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. [ECF No. 20]. Plaintiff was further notified that this civil action would be dismissed unless good cause for its retention on the docket was shown. [*Id.* at 2]. The matter was stayed pending Plaintiff's response and further order of the court. [*Id.*] Plaintiff failed to respond to the Order to Show Cause and has not communicated in any way with the court.

II. Discussion

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders and, unless otherwise ordered, such dismissal is on the merits. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the

delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Plaintiff has failed to comply with this court's Order to Show Cause and has not communicated with the court in any way since July of 2019. Thus, dismissal of this civil action, as previously warned by the court, appears to be the only appropriate sanction.

## IV. Conclusion

For the reasons stated herein, it is hereby **ORDERED** that the stay of this matter is **LIFTED,** and this civil action is **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk is directed to file this Memorandum Opinion and Order and to transmit a copy to counsel of record and any unrepresented party.

ENTER: August 16, 2022

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE